The last case today is 4-11-28. For the appellant is Charles Hoffman. You are he, sir? Yes. For the appellee is Anastasia Brooks. This case is set for oral arguments at 3 and I appreciate your being here early as we request. On occasion we can start earlier. This is one of those. Thank you for being here, counsel. And with that, you may proceed, Mr. Hoffman. Thank you, Justice Stegman. Good afternoon, your honors. My name is Charles Hoffman. I represent the appellant, Elliot Murphy. After I was assigned to represent Mr. Murphy in this appeal, I learned that Macon County Assistant Public Defender Howard Randy Baker, who represented Mr. Murphy's trial and sentencing in this case, had also represented an individual named Sean Stanley, who turned out to be a witness for the prosecution at Elliot Murphy's trial. When I researched whether this dual representation constituted a conflict of interest, I of course ran across this court's case in People v. Dobson. It appeared clear to me that under the controlling precedent of Dobson, a per se conflict of interest existed in this case that required reversal and remand for a new trial without any showing of prejudice. And in fact, it seemed so clear to me that I thought it was important, it made sense to bring this issue to this court's attention as soon as possible. So rather than continue to find out what other issues may exist, to write a brief and to litigate this case over the course of the next year or longer, I filed a motion for summary, reversal and remand, which is pending before this court. I understand that's not the usual practice in most cases in which our agency is involved. It's very rare, but I do want to point out that the state has not disputed any of the factual assertions that we rely on, nor has the state objected to our request that this court take judicial notice of certain facts that we needed to establish to show the per se conflict. The state does object to our motion for summary, reversal and remand merits for a couple reasons. And of course, we think the court should reject both of those reasons, both of those arguments. First, the state says that this court's holding in Dobson has been somewhat undermined by the more recent opinion of the Illinois Supreme Court in Fields. The state's wrong because Fields and Dobson simply involve different types of per se conflicts. In Fields, the alleged conflict was based on defense counsel's prior representation of a state's witness. And because the representation there was only prior and it wasn't contemporaneous, the defendant in that case was forced to try and say that the state witness was an entity assisting the prosecution. They had to try and fit a round peg into a square hole and the Supreme Court said no, a state's witness is not an entity assisting the prosecution. In Dobson, the conflict was not based on prior representation of an entity assisting the prosecution. It was based on defense counsel's contemporaneous representation of a state's witness, which is the second type of conflict in the Blackletter Conflict Law. Now, in arguing that Fields undermined Dobson, the state seizes on one passage in Dobson in which this court, if I might say, a bit unartfully, described the conflict as representing one between defense counsel and an entity assisting the prosecution. But actually, in fact, that was not the type of conflict involved. Dobson clearly involved a conflict based on defense counsel's contemporaneous representation of a state's witness. And the crucial holding in Dobson was not whether the state's witness was an entity assisting the prosecution, which was the crucial question in Fields. The crucial holding in Dobson was whether the definition of contemporaneous representation, which appears in both types of conflicts, requires defense counsel to be representing the state's witness at the time of the defendant's trial. And in Dobson, this court clearly and unanimously rejected that argument. Were we right? Absolutely you were right. What did Fields say about that? I don't believe that Fields dealt with the question of contemporaneous representation because in that case there was only prior representation. Defense counsel's representation of the state's witness in that case ended years before the defendant's trial in that case. So the definition of contemporaneous didn't come up. However, in Fields, while the court was describing the conflicts, they basically string-cited a number of cases in which the language used is, a conflict exists when defense counsel contemporaneously engages in representation of a state witness and representation of the defendant. If you look at all the cases that Fields cited, including Fields itself, the word at the time of trial never appears. Probably the most accurate term would be overlapping representation. And clearly it doesn't need to be at the time of the defendant's trial because the problem is whether or not defense counsel represented the witness, the prosecution witness, and his client at the same time. It doesn't matter if it's before trial. Because when counsel does that at the same time, all of the justifications for per se conflict are present. Confidential privilege communications, divided loyalties, adverse interests. So it doesn't need to be at the time of trial and as Dobson extensively discussed, the privilege that exists between any communications that defense counsel had with his former client and current prosecution witness, those are privileged. That privilege doesn't go away when counsel... Let me ask this. It seems to me, and it seems like Ms. Brooks as well, is focusing on this idea of contemporaneous representation. Does that mean at trial or not? Apparently the issue is, what about during pre-trial stages? And that's where we are in this case. But with regard to what you just mentioned about privilege communication and all that, let's assume that witness Smith was represented by counsel and was involved in some serious charges, felony charges, and wound up on taking a plea agreement and charges AB and charges CD and E were dismissed. And defense counsel knows all about what happened, knows, talked with witness Smith at length, understands all kinds of, well, the things you learn from being his defense counsel and when the witness or when Smith thinks this is all attorney-client privilege stuff and reveals everything. And that deal goes down in March. Two weeks later, John Doe is charged with murder and the same defense counsel is appointed to represent Doe. Turns out that Smith, the guy he just represented, is supposedly one of the key witnesses to the shooting at the Tavern parking lot. And Smith supposedly saw what happened and all the rest of it is going to be an important witness for the state. The defense counsel has just learned all of this stuff about Smith from having represented him two weeks ago, having completed the plea deal two weeks ago. Why wouldn't all of these concerns about information gained and privilege and information gained and the possible conflict on how this could be used, why wouldn't that apply in the case where the plea had occurred two weeks ago as opposed to where maybe it didn't occur until two weeks after the second charge? In other words, I suppose what I'm saying is that the Supreme Court of Illinois seems to have rejected that. That is, if the representation is completely done of the prosecution witness, you know, counsel, you may have learned things, but we don't recognize that you have any problem. Isn't that what they say? I don't know if that's what they say. I know there are a lot of cases that talk about defense counsel not representing, no longer representing the state's witness at the time of trial, but I think that language is simply based on the facts of those cases, that the fact was defense counsel wasn't representing the witness at the time of trial. So I don't think they've drawn that line. Well, let me be more explicit. In the scenario I just gave you, case is over, this guy's now pled out, and he got probation somehow, but he's still on the street, so he watched the crime go down. Is there any limitation upon the defense counsel, who has just worked all this out, understands all kinds of other deals, maybe the guy is being a snitch in some other cases, whatever. Is there any limitation he has, now that he's representing the guy charged with murder, where Smith is now the big witness? In your hypothetical, is there any overlapping representation? No, it's over, two weeks beforehand. Okay, I think if there's no overlapping representation, then we don't have contemporaneous representation. So the Illinois Supreme Court would not recognize any conflict, would it? I think that it would have to be overlapping representation. Well, in my scenario... There isn't. There isn't. Correct. So there's no conflict according to the Supreme Court of Illinois? Not a per se conflict that I can see. There may be an actual conflict, but I think the idea of being able to impeach a witness or have confidential information, that's really just one justification for the per se conflict rule. There are others, as I mentioned before, conflicting loyalties. It seems to me, after reading the case law, that the per se conflict rule really, in a way, and I don't mean to be confusing the court, kind of works backwards. You look at the definition, and the court said, here's the definition of a per se conflict, one of which is contemporaneous representation of a state witness. If you have the per se conflict, you don't have to show prejudice. Why don't you have to show prejudice? Because you don't know what you don't know. These are the situations that lend themselves the most to problems, to conflicts, to adverse loyalties, to conflicting interests. If you look at this case, this case is very different from your hypothetical justice statement. In this case, Mr. Baker represented Elliot Murphy first. He was then told explicitly by the state, Sean Stanley is a prosecution witness. That came out in discovery. He knew Sean Stanley was a witness against Elliot Murphy when he took on representation of Sean Stanley. A perfect example of conflicting loyalties. Again, the justifications for the rule, the reasons for the rule, don't necessarily have to show up in each case. It's just the situations that are examples of where the potential for problems are the greatest. If you look at this case, look what happened. Because there was overlapping representation, because Mr. Baker represented both Elliot Murphy and Sean Stanley at the same time, what happened? He was representing Sean Stanley and Elliot Murphy on April 10, 2010. And at that time, he represented Sean Stanley at his guilty plea proceeding. Now, at that time, at that exact moment, it was in the best interest of his client, Elliot Murphy, that Sean Stanley be convicted of everything he was charged with. So that the impeachment of him at Elliot Murphy's inevitable trial would be the greatest. He would want to tell the jurors this guy was convicted of murder, armed violence, he's a terrible criminal, you shouldn't believe a word he says. At the same time, it's in the best interest of his client, Sean Stanley, to be convicted of the least number of crimes, so that he would do the least time. A perfect example of a situation where overlapping contemporaneous representation creates a conflict. Now, I don't know that you actually have to have that, because the per se conflict rule, as this court went on at length in Dobson, examples of all the problems in that case. Why the confidential informant had an adverse, or why counsel had a conflict because of the fact that the state's witness was a confidential informant and set up the defendant. But each time this court in Dobson said, look, here's a justification for the rule, here's a justification for the rule. But of course, we don't need any of that, because the per se conflict rule requires reversal without prejudice. So when Supreme Court case law says contemporaneous representation, they've never said at the time of the defendant's trial. It always represents the witness while representing the defendant. So your position is it wouldn't include any contemporaneous representation in both cases, including pretrial stages? I believe so, absolutely. And if the conflict, if there had been a motion to suppress in Elliot Murphy's trial, and the conflict had been revealed between the time of the motion to suppress and the trial, if the conflict had been revealed, I think Mr. Murphy would have been entitled to another suppression hearing, absolutely. The other thing that is important in this case to know is that Mr. Baker had an ethical duty to reveal the conflict, based on Hernandez and Kyler v. Sullivan. And the fact that he didn't, I think, shows that this court has to be vigilant in looking at cases, determining whether there are conflicts, from the facts. Unfortunately, I don't know why the conflict wasn't revealed, but I don't think that really matters. The point is, based on this court in Dobson, which was consistent with law, this court relied on its previous decision in Daly, which said we don't rely on the strict technicalities of the law. And as this court said in Dobson, it would result in a far too narrow per se conflict, if you had to represent the defendant both at the time of trial. And if you think about it, Justice Steigman, the day the trial starts, the day before the trial starts, a week before the trial starts, two weeks, where do you draw the line? I don't think it's possible to draw a line, which is why the per se rule doesn't draw lines. It's a per se rule. In Dobson, the overlapping representation was only six weeks, and not much really important happened. The state's witness's case wasn't resolved by conflicted counsel. In this case, the overlap is 26 weeks. And some very significant things happened while Mr. Baker represented both of these clients. As I pointed out before, he served two masters at Sean Stanley's guilty plea proceedings. You can't do that. Were Mr. Stanley's charges thrown out of the same circumstances? No, entirely separate. And in Dobson, this court also rejected the state's argument that... I've got a follow-up question. Sure. Mr. Stanley was charged with murder, armed robbery, armed violence, aggravated battery with a firearm, and possession of cannabis. It was only the last two that he pled guilty to. Correct. Is there any indication from your reading of the record that the murder, armed robbery, and armed violence charges were dismissed pursuant to negotiation? I believe that all we have are the docket sheets from the Macon County Justice Office, and we attached those to our motion. As I stand here, I don't recall, but I believe this was a negotiated plea. My life experience would indicate that if you're charged with murder, armed violence, and armed robbery, and you plead those charges out to agbat and possession of cannabis, there was a deal made somewhere along the line. That would be my thinking, too, Justice Appleton. And for lack of a better term, I think this was a great deal for Mr. Stanley. So Mr. Baker did him a good deal? I believe Mr. Baker got him a good deal, yes. And the fact that he got him a deal at all, great or not, in our opinion, based on Dobson, based on Daley, this resulted in a per se conflict of interest when he represented Elliot Murphy. Did he then cross-examine Mr. Stanley and bring up the wonderfulness of the deal that he had gotten? And cast dispersions on his former client's testimony? When Mr. Baker cross-examined Sean Stanley, he elicited that Stanley had made several inconsistent statements to a park district ranger at the scene that were inconsistent with Stanley's subsequent and rather lengthy statement to a detective, which incriminated Elliot Murphy. That's all he did. He didn't impeach him with that conviction at all. Didn't mention it. Didn't bring it up. And I believe there is some case law in conflict that talks about how a lawyer might hesitate to bring up before a jury that he represented or to bring up a prior conviction of a witness in order to impeach him and show how unbelievable he is and then have it come out by the prosecutor that that lawyer for the defendant was the same guy who represented the witness. Those are exactly the types of potential problems that the courts can't tolerate, which is why there are the per se conflict rule. And in conclusion, our feeling is the sooner this constitutional error is corrected, the better. The better for Mr. Murphy, the better for the people of the state of Illinois, and in the best interest of justice. And so we'd ask this court to grant our motion for summary relief. But, of course, in the alternative, if this court denies it, we'd ask that the court order the matter to proceed to full briefing. And I thank the court for its time. Thank you, counsel. Ms. Brooks? May it please the court? Counsel? I'm Anastasia Brooks, and I represent the people. First, I'd like to thank this court for granting my request to set this for oral argument. And the reason why I requested it is because this case does concern a very important issue of general applicability. And it's not usually a motion argument, but it is a substantive issue. And the issue that is raised is how far should the automatic reversal rule of the per se conflict rule be applied in cases. And, in other words, what it means when the courts refer to representation of the state's witness as being contemporaneous. And the defendant suggests that contemporaneous actually means overlapping, and cites this court's decision in Dobson. And the state does agree that there is some overlap in terms of what happens when the defendant is charged with a crime and has Randy Baker as attorney and later an eventual eyewitness to testify against him through his prior and consistent statements, is later re-interviewed by police in 2009, and then later charged in his own case in November of 2009, and Baker appears for him the next month as representing Stanley. But Stanley's case is over by April 2010, and that's 16 months before the defendant's trial in August 2011. So it's not a situation where there's any contemporaneous representation because of the cases that I'll get to, in particular Fields and Flores, Stroll. Did the state promise Mr. Stanley, in exchange for his plea to the reduced charges, that he would testify against the defendant here? The record is silent as to what the terms of agreement, if any, were, and that's why this being on a summary-type motion... You know, we've all been in the system for some time, and the dismissal of three heavyweight charges in exchange for a guilty plea to two fairly minor charges would indicate that there was some quid pro quo involved. I'm not familiar with the circumstances of the offering of the guilty plea, and if this court were to deny the motion to proceed with the briefing, the defendant could perhaps supplement the record with actual transcripts of the guilty plea proceedings that might reflect what, if any, agreement had been offered. For example, if he had been ordered to testify, which doesn't seem likely because he didn't testify. He said he didn't say anything other than his name and his nickname was Fuzzy, and everything else he did not know. So he actually said at the end, I think, I don't know anything, which was the gist of his testimony. So it's unlikely that there is, in fact, any sort of agreement that he had made that he had to testify against Mr. Murphy in order to get the benefit of his plea deal, which facing murder charges looked to be a substantial benefit in exchange for a six-year sentence on aggravated battery and firearm. So to be clear on this, and it seems to me, trying to identify the primary disagreement, your position is contemporaneous representation, as used by the Supreme Court, means during the time of the defendant's trial? At the time of trial, and because... Is there any time prior to trial that that term would apply for the per se conflict? Other than this court's decision in Dobson, to the extent the defendant wants to read it that way, there was the Coleman case at State Sites in which the witness's attorney withdrew from representation in the middle of the defendant's trial, but just before the witness took the stand to testify. That's the earliest point in time, and the other thing is that this court relied on the Daly case. And in Daly, this court actually said that the witness there, Jockish, was represented by an attorney named Endress. And Jockish had a cooperation agreement, which resulted in setting up the defendant Daly in this drug case. And that meant, according to this court, that Endress's professional relationship with Jockish continued indefinitely. So there's a special circumstance there that showed why an attorney's representation of a prosecution witness could continue to the point that the witness takes a stand and testifies against the charged defendant. There is nothing like that in this situation. Well, let me go back and ask my question again, leaving aside cases for the moment. Sure. Just the question is, your position now, is it that contemporaneous representation, that term is used by the Supreme Court, applies only during the defendant's trial? At the defendant's trial, it's the language the Supreme Court uses. And I guess my point about Daly is that dealt with representation, not the word contemporaneous, because it meant, what does it mean that Jockish was being represented by Endress at the time of defendant Daly's trial? That case dealt with what does it mean to be represented, not what does it mean to be contemporaneous. Okay. Well, then to be even more clear, as you heard Mr. Hoffman says, there was extensive contemporaneous representation in this case at the pre-trial stages where Baker represented both this defendant and Mr. Stanley, I believe that was his name, for several very significant things. At the same time, both cases were going on before the defendant's trial. Is it your position that Baker's doing so doesn't matter for purposes of the term contemporaneous representation? Does that matter for purposes of the per se conflict rule? Because it's not contemporaneous. Contemporaneous in this context quite clearly means at the time of trial. And that's been established by many cases. Well, here's the thing about that. Clearly, the Supreme Court in fields made a point that this court was wrong with regard to the entity system. But with regard to the rest of it, in talking about contemporaneous representation, the court used that term repeatedly but never added the phrase at trial. Now, and in fact, I don't know that in any of the prior decisions the court has ever used that phrase at trial. Two things. One, why do you suppose that is? And two, if it's such an important limiting term, why wouldn't they have said that at some point? Well, I do not agree with the defendant's argument that the Supreme Court has never said that. In the fields case in particular, my notes refer to the, I don't have that case printed out in front of me, but refers to the two cases, Robinson, which was an Illinois Supreme Court case, and Jeffers, which was a federal circuit court case. And they mentioned that this was the time of the defendant's trial in distinguishing the results of those two cases as being harmonious. In Robinson, there was a current relationship at the time of the defendant's trial. In Jeffers, there was not. That's why there was no per se conflict in Jeffers and there was in Robinson. And Jeffers then went on to discuss actual conflict of interest, referring to the possible availability of privileged information about which an attorney might be able to cross-examine the prosecution witness. Well, if confidential information is so important for the purposes of per se conflict rule, then it shouldn't be even an issue when it gets down to cases like Cunningham, Bradford, and Schaefer, which all refused to find actual conflict of interests in cases in which there could have been confidential information as a result of prior representation. In other words, if prior representation is creating this confidential information that can't be used, and that's a problem, then it doesn't matter whether there's any overlap in representation because under the defendant's theory, once there is a representation, and by assumption, privileged information is gained, that that extends indefinitely because the privilege lasts indefinitely. But the Supreme Court, though, has made clear that doesn't work. We're not talking about contemporaneous representation. But why, if we're talking about contemporaneous representation, why should that be limited from the concerns the Supreme Court mentioned to only trial? Because the State's argument, respectfully to this Court, is that this Court's placement of emphasis in Dobson on the possibility of privileged information as being an important reason not to limit the scope of per se conflicts is misplaced because there are cases that extend all the way back to their citation of objectives. Well, suppose that's the case, but that's only one thing. That's only one reason that there could be conflicts or divided loyalties, confidential information. There are other examples of per se and actual. The per se conflict in this case is the allegation of contemporaneous representation of a prosecution witness. And the State's position is that where there's only overlapping representation pre-trial, the hypothetical existence of privileged information by itself is not a sufficient justification for treating it as a per se conflict. But my suggestion is that's interesting, but that's not the only problem. Privileged information or somehow confidential information. Well, other than Dobson, the defendant cites no case that has found a per se conflict of interest in which there was not, in fact, contemporaneous representation at the time of trial. Well, what about Mr. Hoffman's example of, you know, you impeach the guy with his convictions, and the prosecutor points out, you know, you're the one that represented him when he was convicted. And now you're, I mean, how does that play in front of a jury? How do you cross-examine a witness that you have had a prior, both confidential and, well, a confidential relationship with, but a relationship in which you were to be their advocate. Now you're the advocate for somebody else, and you're attempting to impeach the individual you previously represented. And you represented them at the very same time that you were representing the defendant, even though it's not contemporaneous with trial. Right, Your Honor. But again, the same interest exists whether there was any overlap in representation. So it's not by itself a sufficient justification for calling it a per se conflict. The problem with cross-examining a former client is going to exist whether there was overlap in representation or not. And there's no significant difference just because there had been some overlap in representation. Well, except that the overlap and the knowledge of the overlap may have had something to do with how you represented that witness. But that's the point of the actual conflict interest rule is for the defendant to show that. And the Supreme Court of Illinois has not gone so far as to excuse the defendant from showing actual conflicts. But the reason why this case is so important is because this defendant is trying to extend an automatic reversal issue in cases where there is no actual conflict of interest to what could be as simple as a minor witness who had almost nothing to do with the case, who was represented for one day, and then a lawyer recognized he had a conflict and he got out. Well, there was some overlapping representation there. The defense talks about drawing lines. I mean, the defense is drawing a line and saying any overlap is bad. It's an automatic reversal. It's a per se conflict. And we don't have to really concern ourselves why because that's the whole point of per se conflicts. This court doesn't have to concern itself with whether there was an actual conflict that actually affected the attorney's performance in cross-examination. The point is that in the Fields case, when they talk about Robertson and Jeffers and the time of trial, Thomas was a case in which there was, in fact, a representation of the witness at the time of trial. And that's a case that is distinguishable. It was the current client at the time of trial. And Flores cites Stroll, S-T-R-O-H-L. And in that case, there is some language, I think, in Flores that mentioned that the attorney there did not represent the witness Ramos at the time of Flores' trial. So again, there's a distinction that they're not representing the witness at the time of the defendant's trial. And Stroll was a case in which there was, in fact, overlapping representation. Attorney Lutz represented both defendant Stroll and witness Runner. And Runner's case was closed by the time of the defendant's trial. Overlapping representation, no per se conflict. That's what was held in Stroll. Stroll was cited approvingly in Flores, a case of the Illinois Supreme Court. What court decided Stroll would win? Excuse me, Your Honor, I have to look that up. Stroll was this court's case, Fourth District, 1983. 1983? Yes, Your Honor. So this court would have to overrule Stroll and also essentially overrule Flores, which it cannot do, of course, respectfully, in order to reach the result that defendant advocates. And because of fields, this court should not have said it was an entity assisting the prosecution and it was a prior or contemporaneous could qualify. So this court did not really define contemporaneous in Dobson. In fact, this court said the only question is whether this witness was being represented prior or contemporaneous. So this court didn't say, well, contemporaneous actually means something, what the defendant says now. And also I thought it would be to cite the Dobson briefs for this court to take judicial notice. I want to just emphasize very quickly, the defendant accuses the state of essentially re-arguing Dobson. And I wanted to show how this case is different from Dobson. The arguments the defendant put forth, and this is a different defendant and a different lawyer, though, but the arguments there is that he claimed the attorney-client relationship with Trotter, the witness, continued after he was no longer representing her. She was a confidential informant. She set up the drug deal. Special emphasis was placed on the fact that she was involved in setting up the drug deal, conducting it, and benefited from the defendant's conviction. She was also the prosecution's chief witness. And the defendant also, in reply, made an argument, because we raised the same arguments about it have to be time of trial, said that a first-state conflict makes this where the witness has relation to the defendant's case, testifies, quote, for the state, which here the witness didn't really say anything except I don't know, and says also the defendant in Dobson, counsel's simultaneous representation persisted close in time to the defendant's trial. Four weeks. That's what Dobson involved, four weeks. We don't think that, the state does not think that the time persisting close to trial really matters, but to the extent it might, four weeks is a lot different from 16 months. That's what was at issue in this case, the difference. I think Flores controls the issue of what contemporaneous means, and Flores is also relevant in this fact factually, because the witness in Flores didn't remember anything either, and had to be impeached with a prior consistent statement that was admitted substancefully. And in Flores there was no actual conflict of interest, because they said there was nothing they could have really impeached the witness about. That applies here as well, because really the defense could not realistically cross-examine the witness, Sean Stanley, about his prior convictions, because he just got done saying he didn't remember anything. To impeach that testimony would allow the jury to then tend to believe what he had accused the defendant of when he talked to police beforehand. And it is most telling that Deonta Johnson, the co-defendant at a joint trial, his counsel did not impeach the witness, Sean Stanley, with his prior convictions either, and he was not conflicted. So essentially it does not show, the defendant cannot persuade that that is evidence, that there was an actual conflict. And so it just does not apply. And I also wanted to point out in conclusion, another case in which the witness becomes a witness for the prosecution had been previously represented by an attorney. This is an eyewitness. Daly and Stobson were cases where there were confidential informants. However, another class of cases exists, and that's co-defendants. One co-defendant returns state's evidence after having been previously represented by the same attorney, who then testifies against the defendant. Well, what did Cunningham, Bradford, and Schaefer do? No per se conflict. That's not, I mean, it's a stronger case because the co-defendant was involved in the same crime as the defendant who's being tried. But yet in that case there is no per se conflict. They applied the multiple representation rule that applies for co-defendants. So this court would be essentially granting stronger relief to the defendant in a situation involving just a mere eyewitness who wasn't even involved in the defendant's crime. So for that reason, there is no per se conflict of interest. What were those cases you just said? In the state's objection, the state had cited Cunningham, Bradford, and Schaefer. And they also have language about mere hypothetical or speculative conflicts do not suffice. This court should not reach the actual conflict of interest issue because it's not been squarely presented by the defendant's motion. Although the state objected, citing some of these cases, the state's intent was merely to distinguish Dobson and not to bring into direct focus an actual conflict of interest issue, which should be raised on the briefs as the defendant so chooses. So really the only thing for this court is, is this case controlled by Dobson? And the state's answer reply is no, because of Fields and because of Flores and because of Stroll and what it means for a conflict of representation to be contemporaneous. So does this court have any further questions for me? Thank you. And the state requests that this court deny the defendant's motion for summary reversal. Thanks. Thank you, counsel. Mr. Hoffman? Justice Appleton, in answer to your question, the docket sheet from Stanley's case shows defendant offers to enter a plea of guilty pursuant to plea agreement. So there obviously was an agreement in that case. It is silent on whether there was some promise to testify in this case. If there was a promise to testify in this case, I think then we'd have a super-duper per se conflict. But the fact that we don't have that doesn't mean that we still don't have a per se conflict because of the contemporaneous representation. Well, let me follow up on that line. If the witness didn't have anything to say, where's the file? It's not true that the witness had nothing to say. What's true is the witness got on the witness stand and then direct examination said, I don't remember anything about the attack in Mr. Martin's case. But that wasn't the end of it. He didn't leave the witness stand. The state then presented as substantive evidence under 115.10.1 Mr. Stanley's lengthy statement in which he seriously incriminated Mr. Murphy in this case, in which he described Mr. Murphy as one of the main perpetrators of the crime for which Mr. Murphy was on trial. That makes him a witness. We cited People v. Thomas from the Illinois Supreme Court in which the court said, just because a witness says, I don't remember, doesn't mean that witness is not for the purposes of the per se conflict rule a prosecution witness. We have that. And we also have this guy, his statement to the detective coming in as substantive evidence. There's no reason for defense counsel not to impeach him with his prior convictions, thinking, oh, I'll just be impeaching his lack of memory. That's not true. There was some suggestion made that there was going to be a problem bringing out the fact that it was the same lawyer who represented the defendant on the plea deal, and that creates a potential for a conflict. How could you bring that out? How would that be relevant? I believe a prosecutor could ask a witness who represented you at that case. I don't see why you couldn't ask the witness that. Well, how is that relevant? I'm the trial judge. Objection! Okay, Mr. Hoffman, how is that relevant? Well, I think the objection might be sustained. But I don't think that that is the sine qua non of the problem. The problem is defense counsel might be hesitant to bring out the fact that he had represented the witness. Because here, I'm defense counsel. I represented that witness at the same time I represent the defendant. Am I going to expose myself in the middle of trial of having a conflict of interest? So I think it's not just the problem judge in a lot of these cases isn't that the question gets asked. It's the questions that don't get asked. As this court pointed out in Dobson, many of the problems related with per se conflict have to do with omissions. We can't show what was omitted from a case. And I think that's one area. Even if the question, even if the answer was irrelevant, the question may not be allowed. The defense counsel might be hesitant to even impeach the witness with that. And here, clearly counsel, in my opinion, should have impeached Stanley. Because you want to show the person is omitted. How would you do that? When you have a guy who's on the witness stand who says I don't remember and his evidence comes in through his prior inconsistent statement. I think if I were to... And how would you even explain that to the jury subsequently? I think you would bring out the fact that he had a prior murder conviction. The jury was going to be... Excuse me. A prior aggravated battery with a firearm and cannabis conviction instead of a murder conviction. Because his counsel did such a great job. You bring that out. You impeach him with the prior. You know the jury's going to be instructed that that goes to his credibility. And you argue to the jury this guy's not credible. He's a convicted felon. Don't believe anything he says. Don't believe he doesn't remember. And don't believe what he told Detective Hitchens. Don't believe that he saw this crime. Don't believe that Elliot Murphy was one of the main perpetrators. I think competent counsel would want to neutralize that witness and tell the juror don't believe anything he says either from the witness stand or when he was sitting in the police station. So how would you handle it if you were trial counsel to say... to deal with the jury's speculation about well if he's unbelievable and I shouldn't believe him, why is he not testifying today about what he told Hitchens that night? Again, Justice... If he's so unbelievable and he's such a bad guy and he's just lying to get my client, why isn't he here saying that? Why isn't he testifying to it? Why are we hearing the statements he made back then? Judge, we don't know. And unfortunately jurors may speculate maybe he's afraid of the defendant. Maybe he's not testifying because he fears this person who's charged with murder. They might. Right. So I don't understand why counsel didn't impeach this witness with his prior. The state brings up that unconflicted counsel for the co-defendant didn't bring it out either. Well, I can't speak for that client,  What about Ms. Brooks pointing out the Cunningham case where the court, apparently Supreme Court of Illinois, said there was no conflict with public defenders who had represented co-defendants and then they said, oh, well, we're just off of them now. For whatever reason, Justice Stegman, the Illinois Supreme Court has decided there's an entirely different analysis for representation of co-defendants. It doesn't analyze the same way as the per se conflict. You have to show an actual conflict. And as you brought out a few minutes ago, Justice Stegman, in the Fields case, they string cite a number of cases, and this is what they say the law is, where defense counsel has previously represented a prosecution witness, a per se conflict exists, if the relationship between the defense attorney and the witness is contemporaneous with defense counsel's representation of the defendant. They cite Thomas. Contemporaneous with defense counsel's representation of defendant. Flores, as the state relied on. Contemporaneous with counsel's representation of the defendant. In none of those cases do they say at the time of trial. And as I heard previously, how can you draw an arbitrary line like that? Is it the first day of trial, the day before trial? Let me go back to this Cunningham case. I'm not sure I understand. And other than to say, gee, this is different, how would we explain the Illinois Supreme Court's not viewing, under the standard you would have us put, the representation of co-defendants by the same assistant public defender, and now one guy's going to flip and plead guilty, and suddenly the same assistant PD is going to be cross-examining him. Why isn't there a conflict there? There may very well be an actual conflict. But what the Supreme Court has said in co-defendant cases is, if the conflict is not brought to the attention of the trial judge, who can then decide which this lawyer has to get out of the case, that lawyer has to get out of the case. If it's not brought to the attention of the trial judge, then the defendant has the burden to prove an actual conflict. But it's not a per se conflict? It's not a per se conflict. Why? I don't recall the reasoning of the Supreme Court as to why they have a different analysis in co-defendant cases. I'd be happy to brief that for the court. But they said public defenders have no pecuniary interest in the indigent witness. Okay, well, I guess that's true. But why does that affect, I mean, for all I know, we're dealing with public defenders here, aren't we? We are. So, that no pecuniary interest would be the same? Again, there may not be a pecuniary interest, but because we have overlapping representation of these two clients at the same time who had conflicting interests, counsel was stuck with having divided loyalties. And I think I can't explain why the contemporaneous rule doesn't require counsel representing the witness at the time of the defendant's trial any better than this court did in Dobson. This court went on at length, and with all due respect to the state, when she says that this court didn't define contemporaneous in Dobson, I don't believe that's true. I think this court defined contemporaneous at length in Dobson. And that was the gist of this court's holding. If this court was only dealing with the prior representation of an entity assisting the prosecution, there would have been no need for this court to even use the word contemporaneous in Dobson. It could have just said there was prior representation of this state witness, or of this entity. But this court went on at length and gave every reason why contemporaneous representation doesn't require that counsel represent his other client who had adverse interests at the time of the defendant's trial. Okay, counsel. Thank you. Time is up. We'll take this matter into advisement at the recess until tomorrow morning. Thank you.